KENDRA S. CANAPE  (SBN: 259641)
kcanape@grsm.com
JOEL D. BRODFUEHRER  (SBN: 343092)
jbrodfuehrer@grsm.com
TANAIRY DELGADO (*Appearing Pro Hac Vice)
Tdelgado@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
5 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone:  (949) 255-6950
Facsimile:  (949) 474-2060

Attorneys for Defendant
IQ DATA INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| PATRICK YANEZ<br><br>Plaintiff,<br><br>vs.<br><br>IQ DATA INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 1:25-cv-01911-KES-HBK<br><br>**APPROVED JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between the Parties to the above-captioned action, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost,

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

GORDON REES SCULLY MANSUKHANI, LLP
5 PARK PLAZA SUITE 1100, IRVINE, CA 92614

price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential policies or procedures, employee compensation records, personal identifying information of current or former employees of Defendant, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality or discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. THEREFORE:

DEFINITIONS

1.      The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.      The term "materials" will include, but is not be limited to: documents;

GORDON REES SCULLY MANSUKHANI, LLP<br>5 PARK PLAZA SUITE 1100, IRVINE, CA 92614

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

- Nicholas J. Bontrager – BONTRAGER LAW, APC [Plaintiff];
- Joel Brodfuehrer; Kendra Canape; Tanairy Delgado – Gordon Rees Scully Mansukhani, LLP [Defendant IQ Data International, Inc.]

## GENERAL RULES

4. Each party to this litigation, or any third party responding to subpoenas, that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any

-3-
JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

GORDON REES SCULLY MANSUKHANI, LLP
5 PARK PLAZA SUITE 1100, IRVINE, CA 92614

party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5.    In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6.    Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a.    the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

b.    the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information

-4-
JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c.    the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.    All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8.    Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as **Exhibit A**, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

GORDON REES SCULLY MANSUKHANI, LLP
5 PARK PLAZA SUITE 1100, IRVINE, CA 92614

GORDON REES SCULLY MANSUKHANI, LLP
5 PARK PLAZA SUITE 1100, IRVINE, CA 92614

to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

9.   Information designated "confidential" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

   a)   Executives who are required to participate in policy decisions with reference to this action;

   b)   Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

   c)   Stenographic and clerical employees associated with the individuals identified above.

10.   With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11.   All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12.   Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

GORDON REES SCULLY MANSUKHANI, LLP
5 PARK PLAZA SUITE 1100, IRVINE, CA 92614

purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

13. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person who has or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person who has or entity who has custody and control of the document, wishes to oppose the application, they must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

14. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. Within seven (7) days of notice, the parties must meet and confer in an attempt to resolve the designation. If the dispute is not resolved consensually between the parties, the parties must follow the procedures set forth in the assigned Magistrate Judge's Chambers Rules regarding resolution of discovery disputes.

15. Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

GORDON REES SCULLY MANSUKHANI, LLP
5 PARK PLAZA SUITE 1100, IRVINE, CA 92614

challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

16.     All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

17.     No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18.     If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with

-8-
JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

GORDON REES SCULLY MANSUKHANI, LLP
5 PARK PLAZA SUITE 1100, IRVINE, CA 92614

this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

19.    Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

20.    Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

21.    This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

22.    Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

23.    Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any

copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

24.    The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

25.    The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

26.    Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

27.    This Order may be modified by agreement of the parties, subject to approval by the Court.

28.    The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time throughout this Action. The parties prefer that the Court provide them with notice of the Court's intent

-10-

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

to modify the Order and the content of those modifications, prior to entry of such an order.

Dated: June 24, 2026            **GORDON REES SCULLY MANSUKHANI, LLP**

                                By:  */s/ Joel D. Brodfuehrer*
                                     Kendra S. Canape
                                     Joel D. Brodfuehrer
                                     Tanairy D. Delgado
                                     Attorneys for Defendant
                                     IQ DATA INTERNATIONAL, INC.

Dated: June 24, 2026            **BONTRAGER LAW, APC**

                                By:  */s/ Nicholas J. Bontrager*
                                     Nicholas J. Bontrager
                                     Attorney for Plaintiff
                                     Patrick Yanez

-11-

JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

## **ORDER**

Having considered the Joint Stipulation between the Parties, and good cause appearing,

**IT IS SO ORDERED.**

Dated:    June 24, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE
JUDGE

GORDON REES SCULLY MANSUKHANI, LLP
5 PARK PLAZA SUITE 1100, IRVINE, CA 92614

-12-
JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER

**EXHIBIT A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

PATRICK YANEZ

                            Plaintiff,

        vs.

IQ DATA INTERNATIONAL, INC.,

                            Defendant.

Case No. 1:25-cv-01911-KES-HBK

**CERTIFICATE REGARDING CONFIDENTIAL DISCOVERY MATERIALS**

        I, _____, declare and say that:

1.      I am employed as _____by

_____.

2.      I have read the Protective Order entered in Patrick Yanez v. IQ Data International, Inc., Case No. 1:25-cv-01911-KES-HBK, and have received a copy of the Protective Order.

3.      I promise that I will use any and all "Confidential" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4.      I promise that I will not disclose or discuss such "confidential" information with anyone other the persons described in paragraphs 3, 8, and 9 of the Protective Order.

5.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of

GORDON REES SCULLY MANSUKHANI, LLP
5 PARK PLAZA SUITE 1100, IRVINE, CA 92614

-13-

California with respect to enforcement of the Protective Order.

6.      I understand that any disclosure or use of "Confidential" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of _____, _____.

_____

*Signature*

_____

*Printed Name*

-14-
JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER